

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2008

# Aruanno v. Spagnuolo

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4276

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Aruanno v. Spagnuolo" (2008). *2008 Decisions.* Paper 841.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/841

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4276
_____

JOSEPH ARUANNO,

Appellant

v.

TINA SPAGNUOLO; DR. MERRILL MAIN;
MR. NORTON, S.W.; MS. KEARNEY, S.W.


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-02056)
District Judge:  Honorable Dennis M. Cavanaugh

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2008

Before: RENDELL, JORDAN and ROTH, <u>Circuit</u> <u>Judges</u>

Opinion filed: July 15, 2008
_____

OPINION
_____

PER CURIAM

Proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), Joseph Aruanno appeals

the District Court's dismissal of his complaint.

Aruanno, who is civilly confined at the Special Treatment Unit ("STU") in Kearney, New Jersey pursuant to the New Jersey Sexually Violent Predators Act (SVPA), filed a pro se lawsuit under 42 U.S.C. § 1983 against four individuals at the STU. He alleges that the defendants have retaliated against him for exercising his rights under the First and Fifth Amendments. Convicted sex offenders confined at the STU are required to participate in treatment sessions during which they are told disclose their past, sexually violent behavior to other group members. Aruanno refuses to participate vocally in these sessions, because he argues that he is being compelled to confess to crimes that he has not committed. Since he has refused to reveal his sexual history during these therapy sessions, the defendants have withheld certain privileges, such as his job (including unpaid back wages), television, and stereo. They have also placed him in "treatment refusal status," thereby impeding his progression through the program.

After screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the District Court allowed Aruanno's First Amendment claim to proceed, but dismissed Aruanno's Fifth Amendment claim, concluding that he could no longer claim a right against self-incrimination.[1] The court further noted that any possibility that his admissions during his treatment program could lead to further prosecution was "remote and speculative." Later,

_____

[1] The District Court dismissed Aruanno's Fifth Amendment claim without prejudice, giving him an opportunity to amend his complaint to plead facts demonstrating compulsion. However, Aruanno failed to file an amended complaint.

the District Court granted the defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the surviving claim on qualified immunity grounds. Aruanno timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a District Court's grant of a motion to dismiss. See Altson v. Parker, 363 F.3d 229, 232-33 (3d Cir. 2004).

## I.

The Fifth Amendment Self-Incrimination Clause provides that no person "shall be compelled in any criminal [proceeding] to be a witness against himself." This right, however, does not apply in the absence of compulsion. See Lefkowitz v. Cunningham, 431 U.S. 801, 806 (1977). And, "[n]ot all pressure necessarily 'compel[s] incriminating statements." McKune v. Lile, 536 U.S. 24, 49 (2002)(O'Connor J., concurring in the judgment). In McKune, a plurality of the Supreme Court addressed the constitutionality of a Kansas prison treatment program that withheld privileges from inmates convicted of sex offenses who refused to disclose the details of their prior sexually violent histories during therapy. Id. As the court found, there is no compulsion triggering a right under the Fifth Amendment where the consequences of an inmate's refusal to participate in a therapy program are related to its objectives and impose no "atypical and significant hardships" in relation to the ordinary incidents of imprisonment. Id. Instead, the Fifth Amendment protects against "real dangers, not remote and

3

speculative possibilities." <u>Zicarelli v.  N.J. State Comm'n of Investigation</u>, 406 U.S. 472, 478 (1972).

In this case, Aruanno's claim cannot succeed, because he does not demonstrate that he faces the possibility of a penalty "so great as to constitute compulsion" under the Fifth Amendment. <u>McKune</u>, 536 U.S. at 49.  Aruanno argues that the consequence for his refusal to participate in the group therapy sessions – the denial of a prison job, television and other similar privileges – compels him to reveal potentially incriminating statements in the group therapy sessions.  We disagree.  The deprivation of a prison job may pressure Aruanno to participate vocally in the group therapy sessions, but it does not compel him within the meaning of the Fifth Amendment.   Moreover, Aruanno neither shows a grave possibility of prosecution for disclosing his prior violent sexual history, nor does he anticipate parole proceedings where such information would be revealed and, as a result, lengthen his period of confinement.  <u>See</u> <u>Zicarelli</u>, 406 U.S. at 478.   Accordingly, we conclude that the District Court correctly dismissed this claim.

II.

The First Amendment right to freedom of thought encompasses "the right to refrain from speaking at all."  <u>Wooley v. Maynard</u>, 430 U.S. 705, 714 (1977).  However, it is well established that in the penological context, "an inmate does not retain those First Amendment rights that are inconsistent with his status as a prisoner or with the penological objectives of the corrections system."  <u>Jones v. North Caroline Prisoners'</u>

Labor Union, Inc., 433 U.S. 119, 129 (1977)(quoting Pell v. Procunier, 417 U.S. 817 (1974)). Nevertheless, we note that other courts have determined that, for the purposes of the First Amendment, a detained sexually violent predator's "refusal to recognize [his] 'illness' or affirmatively participate in treatment is not inherently inconsistent with the purposes for which [sexually violent predators] are detained." See Hydrick v. Hunter, 500 F.3d 978, 991-92 (9th Cir. 2007).

Despite that, Aruanno cannot obtain relief under this claim. He alleges that defendants are denying him a job and other privileges for not participating vocally in treatment. But even so, these consequences for refusing to describe his past sexual behavior are not so severe that participation in treatment is essentially compulsory. See, e.g., McKune, 536 U.S. at 49 (finding that, in a case where an inmate refused to participate in a sexual abuse treatment program, certain changes in living conditions, such as restrictions in visitation privileges, reduction in wages from prison employment, and a transference from a medium security to maximum security facility program, were not "serious enough" to constitute unconstitutional compulsion). Accordingly, we cannot conclude that Aruanno is being compelled to speak so as to trigger a right under the First Amendment.

In any case, we agree with the District Court that the defendants are entitled to qualified immunity. When evaluating whether qualified immunity relieves defendants of liability for damages arising from a civil rights suit, we must evaluate whether their

5

conduct violated clearly established statutory or constitutional law of which a reasonable person would have known. See Berg v. County of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000). In this case, even if we were to conclude that Aruanno had a right to refrain from disclosing his past sexual history and we have not so concluded, we could not hold that the right is clearly established under the First Amendment, and that it was one of which defendants should have been aware. See, e.g., Hydrick, 500 F.3d at 992. This is particularly so since the group therapy sessions appear to be related to the purposes for which Aruanno has been civilly confined. And, we have not yet established what constitutional limits, if any, there are on the state's conditioning of privileges for confined sexually violent predators on vocally participating in these kinds of therapy programs.

Accordingly, we will affirm the judgment of the District Court.