NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 07-3357
_____

EDWARD SALERNO,
                              Appellant
                    v.

JON CORZINE, N.J. Governor, in his official and individual capacity;
RICHARD CODY, N.J. Former Acting Governor,
in his official and individual capacities;
JAMES E. MCGREEVEY, N.J. Former Governor,
in his official and individual capacities;
N.J. DEPARTMENT OF HUMAN SERVICES;
N.J. DIVISION OF MENTAL HEALTH;
MS. LORNA HINES-CUNNINGHAM,
Assistant Division Director of Department of Human Services,
in her official and individual capacities;
MS. JOAN RICHARDSON BOWSER, Esquire,
First Assistant Public Defender, in her official and individual capacities;
MR. PATRICK REILLY, Deputy Public Defender, in his
official and individual capacities;
OFFFICE OF THE PUBLIC DEFENDER, TRENTON,N.J.;
N.J. DEPTARTMENT OF CORRECTIONS, TRENTON, N.J.;
DEVON BROWN, N.J., Department of Corrections Former Commissioner,
in his official and individual capacities;
JOHN MAINE, CEO, N.J. Special Treatment Unit-Annex,
in his official and individual capacities;
GRACE ROGERS, N.J. Special Treatment Unit-Annex Administrator,
in her official and individual capacities;
PAUL LAGANA, N.J. Special Treatment Unit-Annex,
in his official and individual capacities;
MERRILL MAIN, Director, N.J. Special Treatment Unit-Annex,
in his official and individual capacities;
MS. TINA SPAGNUOLO, Unit Director, N.J. Special Treatment Unit-Annex,
in her official and individual capacities;
DR. GREGORY GAMBONE, Psych, in his official and individual capacities;
JENNA CACCESE, Former Program Coordinator,
in her official and individual capacities;

MARIELENA MOTTA, Program Coordinator,
in her official and individual capacities;
RUTH ROTH, Recreation Supervisor,
in her official and individual capacities;
LOU NORTON, Vocational Rehabilitation Counselor,
in his official and individual capacities;
DR. CAROL LESTER, Psych, in her official and individual capacities;
DR. PHILLIP LEAVITT, Psych, in his official and individual capacities;
DR. KIREEV, Psych, in her official and individual capacities;
TOM CALABRESE, Psych, in his official and individual capacities;
DR. EPPELLITTO, Psych, S.T.U. Kearney, N.J.,
in his official and individual capacities;
MR. DEVON BULLARD, Social Worker,
in his official and individual capacities;
MS. JULIE MCBRIDE, in her official and individual capacities;
MR. REEVES, Social Worker, in his official and individual capacities;
MR. RODRIGUEZ, Social Worker, in his official and individual capacities;
MS. THOMPSON, Social Worker, in her official and individual capacities;
MR. J. MILES, BMPT, in his official and individual capacities;
DR. A. LEVINSON, Psych, in his official and individual capacities

————

No. 08-1019

————

TERRY TRAYLOR,
Appellant
v.

MERRILL MAIN, Clinical Director of the Dept. of Human Services;
LOUIS NORTON, Rehabilitation/Job Counselor of the Dept. of Human Services;
TESS KEARNEY, Program Coordinator of the Dept. of Human Services;
JACQUELINE OTTINO, Program Coordinator of the Dept. of Human Services;
PAUL LAGANA, Asst. Superintendent of the Dept. of Corrections

————

No. 09-2789

————

2

JOSEPH ARUANNO,
                    Appellant
          v.

CINDY SWEENEY, Assistant Administrator;
MERRILL MAIN, D.H.S. DIRECTOR;
GOVERNOR JON CORZINE

_____

On Appeal from the United States District Court
for the District of New Jersey
District Judges:  Honorable Faith S. Hochberg (D.C. No. 06-cv-03547)
                  Honorable Dennis M. Cavanaugh (D.C. No. 07-cv-02751)
                  Honorable Susan D. Wigenton (D.C. No. 2-08-cv-04449)

_____

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2011

Before: SLOVITER, GREENAWAY, JR., <u>Circuit Judges</u>
and POLLAK,[*] <u>District Judge</u>

(Filed: October 26, 2011)

_____

OPINION

_____

---

[*]    Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

3

SLOVITER, *Circuit Judge*.

Edward Salerno, Terry Traylor, and Joseph Aruanno filed separate pro se actions under 42 U.S.C. § 1983, claiming that various state officials ("Defendants") violated their rights under the First Amendment. The District Court entered summary judgment against Salerno and dismissed the complaints of Traylor and Aruanno for failure to state a claim.

In the cases of Salerno and Traylor, the District Court found in favor of the Defendants on qualified immunity grounds. The District Court dismissed Aruanno's complaint after finding that he had previously asserted the same claims unsuccessfully before the District Court and this court on appeal. All three Appellants timely appealed. We consolidated their appeals and appointed pro bono counsel.[1]

## I.

Appellants are civilly confined at the Special Treatment Unit ("STU") in New Jersey pursuant to the New Jersey Sexually Violent Predators Act ("SVPA"). As part of their treatment at STU, Appellants were encouraged to participate in "discussion therapy," during which residents join to discuss their sexual histories. Appellants refused to participate in this therapy and, as a result, were deprived of employment and certain other benefits, including television and hygienic items. Appellants then filed their complaints under 42 U.S.C. § 1983 alleging that Defendants retaliated against them in

---

[1] We express our appreciation to Christopher R. Murray and Ashley M. Sprague of Covington & Burling LLP who undertook to act pro bono in the highest tradition of the profession.

4

violation of their rights under the First Amendment. In addition to damages, each Appellant sought non-monetary relief.

Defendants filed a Motion to Dismiss Salerno's First Amendment claim which they supported by an affidavit. The District Court treated the motion to dismiss as a Motion for Summary Judgment which it granted, concluding that Defendants were entitled to qualified immunity.[2] In considering Traylor's claims, the District Court also found that Defendants were entitled to qualified immunity but dismissed his complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Finally, the Court dismissed Aruanno's claim on the ground that "the allegations set forth in the [c]omplaint . . . appear to be subsumed by the allegations made by [Aruanno in a previous action]." App. at 65; *see also* App. at 67.[3]

Jurisdiction was proper in the District Court based on 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the District Court's grant of a motion to dismiss, *see Alston v. Parker*, 363 F.3d 229, 232-33 (3d Cir. 2004), as well as its entry of summary judgment, *see Renchenski v. Williams*, 622 F.3d 315, 324 (3d Cir. 2010).

---

[2]

Additionally, the *Salerno* Court found that Defendants Devon Brown, Grace Rogers, Paul Lagana, and John Main were entitled to summary judgment because they are "supervisory" employees and because respondeat superior liability is not a basis for § 1983 claims. *See Salerno v. Corzine*, No. 06-3547, 2007 WL 2159611, at *2 n.6 (D.N.J. July 25, 2007) (citing *Monell v. New Jersey City Dept. of Soc. Serv.*, 436 U.S. 658 (1978)). Salerno does not challenge this decision on appeal.

[3]

The District Court dismissed Aruanno's complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

5

**II.**

Appellants contend that the District Court improperly relied on qualified immunity to dispose of Salerno's and Traylor's claims for equitable relief under § 1983. We agree. However, we find that the District Court correctly dismissed Aruanno's claims under the doctrine of claim preclusion.

Claim preclusion "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010). Claim preclusion is properly applied where there has been: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010). Here, the "same cause of action" and "final judgment on the merits" elements are easily satisfied, as Aruanno raised his current allegations in a previous action before the District Court, which the Court dismissed for failure to state a claim - a judgment which this court affirmed.[4] *See Aruanno v. Spagnuolo*, No. 07-2056, 2007 WL 3026837 (D.N.J. Oct. 15, 2007), *aff'd*, 292 F. App'x 184 (3d Cir. 2008).

The "same parties or their privies" element is also satisfied in Aruanno's case. Aruanno brought his previous action in the District Court against four individuals at the STU, including Merrill Main. Aruanno's current complaint also names Merrill Main but adds the former governor of New Jersey and the STU's assistant administrator as

---

[4] Dismissal for failure to state a claim is a final judgment on the merits for claim preclusion purposes. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

6

defendants. The term "privity" is used merely as "a way to express the conclusion that nonparty preclusion is appropriate on any ground." *Taylor v. Sturgell*, 553 U.S. 880, 894 n.8 (2008). Thus, the various connections between STU employees and the New Jersey Governor's Office provide ample grounds to find the privity requirement satisfied. For example, the primary budgeting source for the STU is the state,[5] and STU employees advance common goals as agents of a single employer. This alignment of interests satisfies the privity requirement and precludes Aruanno's current action.

On the other hand, the District Court erred by applying qualified immunity to bar the claims of Salerno and Traylor for prospective relief. Qualified immunity protects government officials from civil liability for any action that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). However, it is well established that qualified immunity does not bar actions for prospective relief, such as an injunction or declaratory judgment. *See, e.g.*, *Hill v. Borough of Kutztown*, 455 F.3d 225, 244 (3d Cir. 2006) ("[T]he defense of qualified immunity is available only for damages claims – not for claims requesting prospective injunctive relief."); *Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 527 (9th Cir. 1989) ("Qualified immunity is an affirmative defense to damage liability; it does not bar actions for declaratory or injunctive relief.").

---

[5] New Jersey's budget analysis demonstrates that New Jersey's Department of Corrections is funded primarily by state funds. *See* Office of Legislative Services, Department of Corrections/State Parole Board: Analysis of the New Jersey Budget, Fiscal Year 2011-2012, at 4, *available at* http:// http://www.njleg.state.nj.us/ legislativepub/budget_2012/DOC_analysis_2012.pdf. The Department of Corrections operates New Jersey's facilities designated for sexually violent predators. *See* N.J. Stat. Ann. § 30:4-27.34(a) (West 2011).

In addition to their claims for damages, Salerno and Traylor pleaded claims for prospective relief. App. at 100. (Salerno's complaint, seeking "[t]o be restored back to the position occupied before" the claimed violations); App. at 198 (Traylor's complaint, seeking injunctive and declaratory relief). Therefore, the District Court erred in concluding that qualified immunity barred all of Salerno and Traylor's First Amendment claims. Although we agree with Defendants that Salerno and Traylor did not squarely raise this issue before the District Court,[6] this court has discretionary power to address issues that are raised for the first time on appeal, particularly where: 1) the "argument omitted in the District Court is a pure question of law," 2) the proper resolution of the legal question is "reasonably certain," and 3) failing to consider the omitted argument would "result in . . . substantial injustice." *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005). That is precisely the situation here, as it is clear that the doctrine of qualified immunity does not bar claims for prospective relief – a pure question of law – and failure to consider this issue would unjustly deprive Salerno and Traylor of an opportunity to assert their § 1983 claims.[7]

---

[6]

"[T]he crucial question regarding waiver is whether [Appellants] presented the argument with sufficient specificity to alert the district court," *Keenan v. City of Phila.*, 983 F.2d 459, 471 (3d Cir. 1993), and Appellants' general claims for injunctive and declaratory relief were not enough to inform the District Court of their present argument that qualified immunity does not bar such claims.

[7]

Although the District Court – while conducting its qualified immunity analysis in Traylor's case – stated in passing that "Defendants did not violate Plaintiff's constitutional rights," the Court's decision to deny Traylor's claim is supported only by its reasoning that the right not to participate in sex offender treatment is not clearly established. App. at 58. Thus, as in Salerno's case, we remand Traylor's action for the Court to consider his First Amendment claims in the first instance.

## III.

For the foregoing reasons, we will affirm the District Court's order dismissing Aruanno's claim in all respects. However, we will reverse the District Court's orders dismissing Salerno's and Traylor's § 1983 claims for prospective relief. We will remand their claims to the District Court for further proceedings consistent with this opinion.