**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2262
_____

JOSEPH ARUANNO,
                              Appellant
                  v.

JENNIFER VELEZ;
JOHN/JANE DOES 1-25, et al.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 12-cv-00152)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 27, 2012
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges
(Opinion filed October 5, 2012)
_____

OPINION
_____

PER CURIAM.

       Pro se Appellant Joseph Aruanno appeals from the order of the United States

District Court for the District of New Jersey dismissing his civil rights action for failure

to state a claim.  We will affirm the District Court's judgment.

1

The District Court's opinion presents a detailed summary of the background of this action, so we will not repeat it at length. Aruanno is confined at the Special Treatment Unit (STU) in Avenel, New Jersey. He filed a civil rights complaint against Jennifer Velez, Commissioner of the New Jersey Department of Human Services, and twenty-five John/Jane Does. He asserted that the Defendants have denied him an STU job in retaliation for exercising his constitutional rights "to remain silent under the 1st, 5th, 14th, but not limited to, in light of my innocence of a crime I did not commit and pending appeals." (Complaint, Statement of Claims.) Aruanno also alleged that he is being denied personal hygiene items, clothing, legal document preparation materials, medical care, therapeutic care, and adequate food and nutrition, as a result of the retaliation. (Id.) He also alleged that Defendant Velez "promulgated unconstitutional policy which denies me a job." (Id., ¶4 Parties.) As relief, he sought damages and injunctive relief of being given a job. Aruanno also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The District Court granted Aruanno's in forma pauperis application and screened the complaint for dismissal under section 1915(e)(2)(B). The District Court analyzed Aruanno's complaint under the doctrine of claim preclusion. The District Court noted that Aruanno previously was unsuccessful in asserting retaliation claims against STU defendants for exercising his rights under the First and Fifth Amendments. The District Court noted that in Aruanno v. Spagnuolo, D.N.J. Civ. No. 07-cv-2056, Aruanno asserted that the defendants withheld privileges, such as a job, in retaliation for his refusal to

2

reveal his sexually violent past behavior during treatment sessions for convicted sex offenders; Aruanno maintained that he was being compelled to confess to crimes that he did not commit, in violation of his First and Fifth Amendment rights. That complaint was dismissed, and we affirmed, holding that Aruanno's claim cannot succeed because of his failure to demonstrate that the deprivation of a job constituted "compulsion" to speak that triggered First and Fifth Amendment protections. See Aruanno v. Spagnuolo, C.A. No. 07-4276, slip op. at 4-5 (3d Cir. Jul. 15, 2008) (citing McKune v. Lile, 536 U.S. 24 (2002)). The District Court also noted that the same allegations had been raised and dismissed under the doctrine of claim preclusion in Aruanno v. Sweeney, D.N.J. Civ. No.08-cv-4449, and affirmed in C.A. No.09-2789 (consolidated with Salerno v. Corzine, C.A. No. 07-3357, and Traylor v. Main, C.A. No. 08-1019). Thus, the District Court ordered the dismissal of Aruanno's complaint for failure to state a claim.

This appeal followed. The parties were advised that the appeal would be submitted for possible summary action. Aruanno has filed a response in support of his appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal under section 1915(e)(2)(B)(ii). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court on any ground supported by the record. See OSS Nokalva, Inc. v. European Space Agency, 617 F.3d 756, 761 (3d Cir. 2010).

Aruanno argues that the District Court erred because the doctrine of claim preclusion does not apply here, asserting that his previous case "was never honestly adjudicated" and that he alleged new consequences of being denied "basics" after being denied a job. Appellant's Summary Action Response at 2. Aruanno acknowledges that he filed a similar action that was consolidated on appeal in Salerno, in which we affirmed the dismissal of Aruanno's complaint on the basis of the outcome of his prior action in Aruanno v. Spagnuolo. However, he emphasizes that the other appellants in Salerno succeeded in having their cases remanded to the District Court, and he argues that we should similarly remand his current appeal for consolidation with the pending Salerno matter.

We need not reach the question of whether claim preclusion applies here, because the allegations in his complaint fail to state a claim. As in his prior action in Aruanno v. Spagnuolo, Aruanno asserted retaliation by STU defendants, in the form of the denial of a job, for exercising his constitutional rights to remain silent regarding a crime that he maintains that he did not commit. As we found in that case, denial of a job for failure to admit to the crime for which he is confined does not amount to a "compulsion" to speak under the First and Fifth Amendment protections. Because the conduct leading to the alleged retaliation is not within the scope of constitutional protections, Aruanno cannot prevail on his retaliation complaint. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) ("prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected"). As for Aruanno's contention that

4

his case should be remanded for consolidation with the <u>Salerno</u> case, there is no basis for granting that relief.[1]

We conclude that the District Court did not err in dismissing Aruanno's complaint for failure to state a claim. Accordingly, because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[1] In <u>Salerno</u>, we held that the District Court erred in applying qualified immunity to bar the other plaintiffs' claims for prospective relief. We remanded the matter for consideration of the claims on the merits in the first instance. <u>See</u> <u>Salerno v. Corzine, et al.</u>, C.A. Nos. 07-3357, 08-1019, and 09-2789 (consolidated), slip op. at 7-8 and n.7 (3d Cir. Oct. 26, 2011). The situation is not analogous here, where the District Court's dismissal relies in part on the fact that Aruanno already has received an adjudication on the merits of his retaliation claim.