**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1451
_____

JOSEPH ARUANNO,

Appellant

v.

JOHN/JANE DOES 1-10, et al.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:12-cv-07694)
District Judge: Honorable William J. Martini

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on August 5, 2013

Before:  RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed August 23, 2013)

_____

O P I N I O N
_____

PER CURIAM

Pro se Appellant Joseph Aruanno appeals from the order of the United States District Court for the District of New Jersey dismissing his civil rights action for failure to state a claim. We will affirm the District Court's judgment.

I.

Aruanno is confined at the Special Treatment Unit (STU) in Avenel, New Jersey. Convicted sex offenders confined at the STU are required to participate in treatment sessions during which they are told to disclose their past, sexually violent behavior to other group members. Aruanno refuses to participate in these sessions, because he argues that he is being compelled to confess to crimes that he has not committed. Since he has refused to reveal his sexual history during these therapy sessions, certain privileges have been withheld, such as his job.

Aruanno filed the present civil rights complaint against ten John/Jane Does. He asserts that the Defendants have denied him an STU job in retaliation for exercising his constitutional rights "to remain silent and not participate under the 1st, 5th and 14th Amendments, but not limited to, as well as The Law Against Discrimination; The American with Disabilities Act; The Rehabilitation Act; etc. . . ." (Complaint, Parties.) This is Aruanno's fourth attempt to raise such claims before the Court. In Aruanno v.

2

Spagnuolo, No. 07-2056 (DMC), 2007 WL 3026837 (D.N.J. Oct. 15, 2007), Aruanno asserted the same claims he asserts here, namely that the defendants withheld privileges, such as a job, in retaliation for his refusal to reveal his sexually violent past behavior during treatment sessions for convicted sex offenders, in violation of his First and Fifth Amendment rights. That complaint was dismissed, and we affirmed, holding that Aruanno's claim cannot succeed because of his failure to demonstrate that the deprivation of a job constituted "compulsion" to speak that triggered First and Fifth Amendment protections. See Aruanno v. Spagnuolo, 292 F. App'x 184, 186-187 (3d Cir. 2008) (citing McKune v. Lile, 536 U.S. 24 (2002)).

The same allegations were raised and dismissed under the doctrine of claim preclusion in Aruanno v. Sweeney, No. 08-4449 (SDW), 2009 WL 1561416 (D.N.J. June 1, 2009). The appeal was consolidated with Salerno v. Corzine, C.A. No. 07-3357, and Traylor v. Main, C.A. No. 08-1019. See Salerno v. Corzine, 449 F. App'x 118 (3d Cir. 2011). Salerno and Traylor were also confined in the STU and refused to participate in therapy. As a result, they were deprived of employment and certain other benefits. See Salerno v. Corzine, No. 06-3547, 2007 WL 2159611 (D.N.J. July 25, 2007); Traylor v. Main, No. 07-CV-2751(DMC), 2007 WL 4557650 (D.N.J. Dec. 17, 2007). Like Aruanno, they filed complaints under 42 U.S.C. § 1983 alleging that they were retaliated against in violation of their First Amendment rights. The District Court dismissed Salerno's and Traylor's claims, on the basis of qualified immunity. Id. On appeal, we

3

affirmed the District Court's dismissal of Aruanno's claims, but we held that the District Court erred in applying qualified immunity to bar Salerno's and Traylor's claims for prospective relief and remanded their claims to the District Court for further proceedings. See Salerno, 449 F. App'x at 123.

Most recently in Aruanno v. Velez, No. 12-0152 (WJM), 2012 WL 1232415 (D.N.J. Apr. 12, 2012), Aruanno again claimed that he was denied a job and other benefits in retaliation for exercising his right to remain silent. The District Court dismissed the complaint under the doctrine of claim preclusion. Id. On appeal, we concluded that his complaint failed to state a claim and we did not reach the question of whether claim preclusion applies. See Aruanno v. Velez, 500 F. App'x. 126, 128 (3d Cir. 2012). We rejected Aruanno's contention that his case should be remanded for consolidation with the Salerno case. Id.

Here, Aruanno again asks that his case to be consolidated with Salerno. The District Court granted Aruanno's in forma pauperis application and screened the complaint for dismissal under section 1915(e)(2)(B). The District Court concluded that Aruanno's claims are barred by claim preclusion and that they failed to state a claim for violation of Aruanno's constitutional rights. This appeal followed. The parties were advised that the appeal would be submitted for possible summary action. Aruanno has filed a response in support of his appeal and a motion for appointment of counsel.

II.

4

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal under section 1915(e)(2)(B)(ii). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court on any ground supported by the record. See OSS Nokalva, Inc. v. European Space Agency, 617 F.3d 756, 761 (3d Cir. 2010).

### III.

In his complaint, Aruanno contends that the Court has incorrectly decided his three previous related cases and that "this court has an obligation to correct itself…" (Complaint, Statement of Claims p. A) We agree with the District Court that, to the extent that Aruanno is dissatisfied with our decisions, the proper recourse was for him to ask the United States Supreme Court to grant certiorari, which he did not do.

In any event, we reiterate our prior holdings that the allegations in Aruanno's complaint fail to state a claim because denial of a prison job for failure to admit to the crime for which he is confined does not amount to a "compulsion" to speak in violation of the First and Fifth Amendments. See Spagnuolo, 292 F. App'x at 186-187; Velez, 500 F. App'x. at 128. Because the conduct leading to the alleged retaliation is not within the scope of constitutional protections, Aruanno cannot prevail on his retaliation claim. Id.; See also Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) ("prisoner-plaintiff in a

5

retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected").[1]

## IV.

We conclude that the District Court did not err in dismissing Aruanno's complaint for failure to state a claim.[2] Accordingly, because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See Third Circuit LAR 27.4 and I.O.P. 10.6. We deny Aruanno's motion for appointment of counsel.

---

[1] As we previously explained, there is no basis to remand Aruanno's case for consolidation with the Salerno case. See Velez, 500 Fed. Appx. at 128 n. 1.

[2] To the extent that Aruanno has alleged claims under the" Law Against Discrimination, the Americans with Disabilities Act, and the Rehabilitation Act," the complaint fails to state a cause of action and was properly dismissed.